NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**HORIZON GLOBAL AMERICAS INC.,**
*Appellant*

**v.**

**NORTHERN STAMPING CO.,**
*Appellee*

_____

2023-1767

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-01411.

_____

Decided:  January 13, 2025

_____

STEPHANIE M. HATZIKYRIAKOU, Baker & Hostetler LLP, Philadelphia, PA, for appellant.  Also represented by BRENDAN E. CLARK, CHRISTINA J. MOSER, Cleveland, OH.

DENNIS J. ABDELNOUR, Honigman LLP, Chicago, IL, argued for appellee.  Also represented by DAVID ROULO, RON SKLAR.

_____

Before LOURIE and HUGHES, *Circuit Judges*, and GILSTRAP, *Chief District Judge*.[1]

LOURIE, *Circuit Judge*.

Horizon Global Americas Inc. ("Horizon") appeals from a final written decision of the United States Patent and Trademark Office Patent Trial and Appeal Board ("the Board") holding claims 16–20 of U.S. Patent 10,589,585 ("the '585 patent") unpatentable as obvious and denying Horizon's contingent motion to amend. *N. Stamping Co., v. Horizon Glob. Ams. Inc.*, No. IPR2021-04411, (P.T.A.B. Feb. 9, 2023) ("*Decision*"), J.A. 1–49. For the reasons provided below, we *affirm*.

BACKGROUND

The '585 patent is directed to a hitch mounting system that connects a towed vehicle (*e.g.*, a trailer) to the bed of a towing vehicle (*e.g.*, a pickup truck). In general, there are two main types of in-bed hitch mounting systems: (1) a "gooseneck" hitch, where the towing vehicle offers a ball and the towed vehicle has a tubular coupler that attaches to the ball, and (2) a "fifth wheel" hitch, where the towing vehicle offers a receiver plate and the towed vehicle has a kingpin (*i.e.*, a large pin) that attaches to the plate.

While prior systems could accommodate both gooseneck and fifth wheel hitches, an adapter was required to convert between the two. The '585 patent proposes a structure that can accommodate both types of hitches without an adapter. Representative claim 16 recites:

A hitch mounting system comprising:

---

[1]    Honorable Rodney Gilstrap, Chief District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

> a pair of tubular members each having a cross-sectional shape a substantial portion of which is defined by an enclosed peripheral wall with a generally hollow section;
>
> a mid rail attached to each of and between said pair of tubular members spacing said pair of tubular members apart, said mid rail having a socket capable of accepting a gooseneck hitch ball; and
>
> a pair of receiving members attached with each of said pair of tubular members, said receiving members configured to engage a leg of a fifth wheel hitch.

*Id.* at col. 8, ll. 8–20. Claims 17–20 are dependent claims that have not been argued separately, so all claims stand or fall with the arguments and decision interpreting claim 16.

Northern Stamping Co. ("Northern Stamping") petitioned for *inter parties* review, arguing that claims 16–20 of the '585 patent would have been obvious over U.S. Patents 6,969,090 ("Works"), 7,121,153 ("Lindenman"), and 6,467,791 ("Fandrich"). Works discloses a gooseneck hitch system and Lindenman discloses a fifth wheel hitch system. *Decision*, J.A. 10–12. Fandrich discloses a fifth wheel hitch system with tubular cross members and was asserted as a "backup" to Works' disclosure of tubular cross members. *Id.* at 24. In response, Horizon argued that the asserted references did not render claim 16 obvious, and alternatively filed a contingent motion to amend, proposing substitute claims 21 and 22 which require, in relevant part, a "mid rail . . . permanently attached to . . . [a] pair of tubular [cross] members as a one piece assembly." *Id.* at 39. In response to the motion to amend, Northern Stamping argued that the substitute claims were obvious over U.S. Patent 7,828,317 ("Withers") and Fandrich. Withers is directed to a hitch system capable of

accommodating gooseneck and fifth wheel hitches without an adapter. *Id.* at 20.

The Board determined that claims 16–20 had been shown to be unpatentable. The Board denied Horizon's contingent motion to amend, determining that substitute claims 21 and 22 were also shown to be unpatentable. Horizon timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Obviousness is a question of law based on underlying facts. *Schwendimann v. Neenah, Inc.*, 82 F.4th 1371, 1380 (Fed. Cir. 2023). We review the Board's legal conclusion of obviousness *de novo* and its findings of fact for substantial evidence. *HTC Corp. v. Cellular Commc'ns Equip., LLC*, 877 F.3d 1361, 1369 (Fed. Cir. 2017).

## I

The Board found that there was a motivation to combine Works' gooseneck hitch system and Lindenman's fifth wheel hitch system, rendering claim 16 obvious. The Board also rejected Horizon's argument relying on secondary considerations of non-obviousness. On appeal, Horizon argues that the Board's motivation-to-combine finding was infected by legal errors and not supported by substantial evidence and that the Board's secondary considerations finding was also not supported by substantial evidence. We address each in turn.

## A

Horizon first asserts that the Board's motivation-to-combine analysis was legally flawed because the Board "inappropriately criticized" Horizon's evidence. Horizon Br. 30. Therefore, according to Horizon, the Board did not consider the references from the perspective of a person of ordinary skill in the art, but rather "substituted its own reading of the reference[s]." *Id.* at 29. We disagree. It is

the Board's fundamental role to weigh—*i.e.*, criticize—the evidence and resolve factual disputes. *See Roku, Inc. v. Universal Elecs., Inc.*, 63 F.4th 1319, 1325 (Fed. Cir. 2023).

Horizon's second legal challenge is that the Board's analysis improperly focused on the "general underlying idea" of the '585 patent—"a hitch that could accommodate both gooseneck and fifth wheel." Horizon Br. 39. We again disagree. The Board explained why a person of ordinary skill in the art would have been motivated to combine the asserted references, which Horizon does not dispute disclose each of the challenged limitations, to arrive at the structure recited in claim 16. *Decision*, J.A. 18–23.

The last legal challenge Horizon brings is that the Board reduced Northern Stamping's burden of proof for obviousness to a reasonable likelihood of success when the correct standard was a preponderance of the evidence. We are unpersuaded. The Board analyzed the evidence before it, stated the correct standard, and applied it, concluding that "[Northern Stamping] has shown by a preponderance of the evidence that the subject matter of claim 16 would have been obvious." *Id.* at 35.

B

Horizon contends that the Board's motivation-to-combine finding was not supported by substantial evidence because although Works does not *claim* a fifth-wheel hitch system, only a gooseneck hitch system, it can *already accommodate* a fifth wheel hitch system by using an adapter, and therefore the combination of Works and Lindenman to meet the limitations of the '585 patent would have been redundant. The Board already rejected this argument, explaining that while Works discloses the ability to accommodate a "fifth wheel," Works is not referencing a fifth wheel hitch system, but rather a hitch system in general. *Decision*, J.A. 14. That finding is consistent with what Works discloses. Works at col. 1, ll. 26–41 ("to allow the trailing vehicle to be connected to a

fifth wheel type hitch, a *'gooseneck'* type extension is utilized") (emphasis added).

Furthermore, the Board found that even if Works could accommodate a fifth wheel hitch, a person of ordinary skill in the art would have been motivated to combine Works and Lindenman to eliminate the need for an adapter. *Decision*, J.A. 14–15. That finding was supported by substantial evidence because, as explained by the '585 patent itself, using an adapter to "convert a towing vehicle to from accommodating a fifth wheel hitch to a gooseneck hitch or vice versa is time and labor intensive and inefficient." '585 patent col. 1, ll. 32–34.

## C

As for Horizon's secondary considerations argument, Horizon relied on the commercial success of its hitch system that had purportedly been incorporated into Ford (the car company) trucks. But, because Horizon did not demonstrate that Ford's hitch system had any connection to the '585 patent, the Board found that Horizon had not established nexus. *Decision*, J.A. 31–32. That finding was reasonable. The only evidence Horizon relied on to demonstrate that the hitch system sold by Ford embodied the '585 patent were drawings depicting how the '585 patent's hitch system could *potentially* be incorporated into Ford's trucks; there was no evidence demonstrating that Ford trucks actually did incorporate the '585 patent. *Id.*

## II

The Board last found that a person of ordinary skill in the art would have been motivated to combine Fandrich and Withers, rendering proposed substitute claims 21 and 22 obvious, and therefore denied Horizon's motion to amend.

As noted, substitute claims 21 and 22 added a limitation which requires a "mid rail . . . permanently attached to . . . [the] pair of tubular [cross] members as a

one piece assembly."    Horizon's sole challenge as to proposed claims 21 and 22 is that substantial evidence does not support the Board's finding that a person of ordinary skill in the art would have been motivated to combine Wither's cross members with Fandrich's tubular shape. Once again, we disagree.    Northern Stamping's expert testified that Fandrich's tubular shape and its advantages in this context were well known such that its incorporation with Withers' cross members would have been obvious to try. J.A. 4493–94.   The Board's finding was accordingly supported by substantial evidence.

## CONCLUSION

We have considered Horizon's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm* the decision of the Board.

## AFFIRMED